PER CURIAM:
In November 2012, law enforcement officers observed Lazaro Rivero participating in a hand-to-hand narcotics transaction in front of his house. They searched his residence and found an unloaded pistol, 247 grams of marijuana, 42 grams of cocaine, and 8 grams of free-base cocaine. Rivero admitted that the drugs and the gun were his. He later pleaded guilty, pursuant to an agreement with the government, to possession with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1).
Over Rivero’s objection, the district court found that he qualified as a Career Offender for the purposes of a sentencing enhancement under United States Sentencing Guidelines § 4B1.1 based on six prior convictions for controlled substance offenses. Each of those six convictions was for the possession of cocaine with the intent to sell, manufacture, or deliver in violation of Fla. Stat. § 893.13(l)(a)(l). Because of this enhancement, Rivero’s advisory Guidelines range was 188 to 235 months.[1]
Although the government requested a sentence at the bottom of the advisory Guidelines range, the district court observed that Rivero had been involved in 36 separate instances of criminal conduct and had more adult criminal convictions than necessary to reach the highest possible criminal history level. Based on this, and after stating that it had considered the Guidelines and the 18 U.S.C. § 3553 factors, the district court found that even with the Career Offender enhancement, the Guidelines range underrepresented Rivero’s criminal history. It therefore imposed an upward variance to 360-months imprisonment.
On appeal, Rivero argues that the district court erred in finding that he qualified as a Career Offender under the Sentencing Guidelines. He also argues that his sentence was procedurally and substantively unreasonable. Finding no reversible error, we affirm.
I.
We first address Rivero’s challenge to his designation as a Career Offender. USSG § 4B1.1 provides that:
[a] defendant is a Career Offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a *786 felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
Rivero does not dispute that he meets the first and second prongs of § 4B1.1. Instead, he argues that the District Court erred in finding that his six prior convictions for the possession of cocaine with the intent to sell, manufacture, or deliver, in violation of Fla. Stat. § 893.13(l)(a)(l), are controlled substance offenses. Specifically, he argues that a conviction only qualifies as a controlled substance offense if it required the defendant to know the illicit nature of the substance involved. Because of a 2002 amendment to the Florida statute, only one of Rivero’s convictions was obtained under a statutory scheme that required such knowledge.
This argument is foreclosed by this Court’s recent holding in United States v. Smith, 775 F.3d 1262 (11th Cir.2014). In that case, we observed that knowledge of the illicit nature of the substance is neither explicitly nor implicitly included in the definition of controlled substance offense. Id. at 1267. Instead, the Guidelines simply define a controlled substance offense as an “offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the ... possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.” USSG § 4B1.2(b). Thus, we held that under the unambiguous language of the Guidelines, a conviction under Fla. Stat. § 893.13(l)(a)(l) qualified as a controlled substance offense, regardless of the Florida statute’s mens rea requirements. Id. at 1268.
II.
We next address Rivero’s challenges to the procedural and substantive reasonableness of his sentence. First, he argues that his sentence is procedurally unreasonable because the district court varied upward based solely on his prior criminal conduct and because the district court did not adequately explain its reason for imposing a major variance. Second, he argues that his sentence is substantively unreasonable because of the magnitude of the district court’s upward variance. He notes that his sentence of 360-months imprisonment — the statutory maximum for his offense — is six times the non-Career Offender advisory Guidelines range, twice the bottom of the Career Offender range, and 50% more than the top of the Career Offender range.
Our review of the reasonableness of a sentence is a two-step process. First, we ensure that the district court committed no “significant procedural error.” United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir.2008). “A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence.” United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir.2008) (per curiam) (citing Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).
Second, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir.2008); see also United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir.2009) (emphasizing the “institutional advantage” of a district court in determining a sentence (quotation omitted)). A sentence is *787 substantively unreasonable if the district court “has weighed the [§ 355B] factors in a manner that demonstrably yields an unreasonable sentence” and “we are left with a definite and firm conviction that the district court committed a clear error of judgment ... by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.” Pugh, 515 F.3d at 1191 (quotation omitted). We have recognized that in imposing a sentence, the district court is “permitted to attach great weight to one factor over others.” Shaw, 560 F.3d at 1237 (quotation omitted).
Although we may presume that a sentence within the Guidelines range is reasonable, we may not presume that a sentence outside the Guidelines- range is unreasonable. United States v. Irey, 612 F.3d 1160, 1187 (11th Cir.2010) (en banc). If, as here, a district court chooses to vary upward from the Guidelines range, it must state its reasons for that variance. See Rita v. United States, 551 U.S. 338, 356-58, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007).
To begin, we find no significant procedural error here. Before imposing a sentence, the district court stated that it had considered the Guidelines range and the § 3553 factors. It made clear that the upward variance was based on Rivero’s prior criminal conduct, and also expressly found that the nature and circumstances of the offense, Rivero’s history and characteristics, and the need to promote deterrence and respect for the law all weighed in favor of a longer sentence. Contrary to Rivero’s argument that the district court impermissibly “double counted” his criminal history by .imposing both an enhancement and an upward variance based on prior criminal conduct, district courts are permitted to rely on the same factors in imposing a variance that they have already considered in determining a defendant’s advisory Guidelines range. United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir.2010).
Neither are we left with a “definite and firm conviction” that Rivero’s sentence is substantively unreasonable given our deferential standard of review. Pugh, 515 F.3d at 1191. As the district court pointed out, although the circumstances of his current offense are unremarkable, Rivero has a lengthy criminal history. His Presen-tence Investigation Report reflects an almost uninterrupted string of arrests and convictions over the past three decades, including convictions for controlled substance offenses, theft, armed robbery, and battery on a law enforcement officer. Thus, the district court was entitled to find that his case fell outside the “heartland” of cases covered by the Guidelines. Irey, 612 F.3d at 1202; see also United States v. Early, 686 F.3d 1219, 1222 (11th Cir.2012) (affirming an upward variance to 210-months imprisonment where the variance was based in part on prior criminal conduct and stating that “[t]he upward variance is also supported by [the defendant-appellant’s] disrespect for the law reflected in his recidivism; the need for deterrence; the need to protect society from him; and, the need to promote respect for the law”); Shaw, 560 F.3d at 1239-40 (affirming an upward variance to 120-months imprisonment based primarily on prior criminal conduct, where the sentence represented an approximately 225% upward variance from the maximum Guidelines sentence); United States v. Turner, 626 F.3d 566, 574 (11th Cir.2010) (per curiam) (affirming an upward variance to 300-months imprisonment where the variance was based in part on prior criminal conduct); United States v. Sanchez, 586 F.3d 918, 934-36 (11th Cir.2009) (affirming an upward departure and an upward variance to 200-months *788 imprisonment where both the departure and variance were based on prior criminal conduct). Rivero has not shown that his sentence was unreasonable.[2]
*789 AFFIRMED.

. If Rivero had not been designated a Career Offender, his advisory Guidelines range would have been 51 to 63 months.

. The dissent takes issue with the upward variance made by the sentencing judge in imposing Rivero’s sentence of 360 months of incarceration, the statutory maximum. She refers to "cursory references to the § 3553 factors.” We disagree. In our opinion, the district judge explained in great detail why he felt compelled to impose the 30-year sentence. Part of that explanation included the following from Rivero’s sentencing:
THE COURT: Well, of course, we’re supposed to, we are to consider the 3553 factors including the nature and circumstances of the instant offense, the history and characteristics of the defendant, the need to promote deterrence and promote respect for the law.
He falls on all four of those considerations, and as I think has been made clear from the record, he came to the United States in 1980, illegally, I should say, to the United States, around the time of the Mariel Boatlift and since becoming a guest in our country, he has just engaged in a continued pattern of lawlessness and lack of respect for law, starting at age 23 with loitering and prowling. I won’t go into the narrative of that. At age 24, in 1981, with trespass. At age 24, with loitering and prowling. Let’s see on that page, on those three entries, he was found guilty, given 23 days credit time served. He pled guilty, got six months probation, and third one he got 24 days credit for time served. He was found guilty.
Age 24, he was a charged with grand theft. He was given three years probation, 85 days credit for time.served. Let’s see.
He was charged with petty theft at age 24, got credit for time served, found guilty. Age 24, he was charged with giving false information, found guilty, given credit for time served. Age 24, he was charged with robbery with a firearm and battery on a law enforcement officer.
At age 37, he was charged with cocaine sale and delivery, contributing to the delinquency of a minor. He ple[ ]d guilty to all counts, given 270 days credit time served. Age 37, started loitering, obstruction by disguise, found guilty, given credit time served.
At age 38, in 1995, he was charged with loitering, found guilty, given community service. At 38 he was charged with marijuana possession, found guilty, given 70 hours of community service. You age 38 he was charged with sale, possession or delivery of cocaine. He pled no contest. He was given 364 days in jail with credit for time served. Age 38, marijuana possession, found guilty, fine $105.
Age 40, cocaine possession, sale or delivery; petty theft, drug paraphernalia, use, possession of marijuana. He pled guilty to all counts, given 18 months with 502 days credit for time served.
At age 47, in 2004, he was charged with drug paraphernalia possession, cocaine possession, sale or delivery. He pled guilty to both counts, 366 days, 219 days credit time served. Age 47, possession, sale or delivery of cocaine, resisting [in] an arrest without violence, and he was given 364 days in jail.
In 2005, he was charged at age 48 with a possession of cocaine, pled guilty, three years in jail.
In 2006, age 48, cocaine possession, sale or delivery, 389 days, concurrent with the earlier case.
In 2009, age 52, cocaine possession, pled guilty, two days in jail. Age 52, marijuana possession, guilty, fine $378. Age 52, possession, sale or delivery of cocaine and al-prazolam, marijuana possession, 366 days in jail. Age 52, marijuana possession; cocaine, sale, possession or delivery, 366 days concurrent with the earlier sentence.
These are other criminal conduct at Paragraph 45 of the PSI, possession of Quaa-ludes nol-prossed. Age 24, grand theft, no-actioned. Age 24, resisting arrest without violence, possession of Quaaludes, no-ac-tioned. At Age 24, burglary, no-actioned.
At age 36, possession of controlled substance. It was dismissed. Age 36, possession of controlled substance, dismissed.
Age 37, controlled substance, possession, dismissed. At age 37, possession of controlled substance, possession with intent to distribute, dismissed. Age 37, armed robbery, kidnapping, all counts nol-prossed.
Age 40, battery, nol-prossed. Age 40, cocaine possession, sale or delivery, contributing to the delinquency of a minor, both counts no actioned.
*789 Age 52, cocaine possession, no-actioned. Age 55, cocaine possession, sale or delivery. There was a scheduled trial date on that; and age 55, trafficking, cocaine trafficking, armed, cocaine possession, delivery, tampering with evidence, possession of drug paraphernalia and that gave rise to the instant offense.
So, you know, there’s an overwhelming, abundant evidence of the defendant's lawlessness for his 33 years in the United States resulting in a serious underrepresentation of his criminal history on those guideline calculations.
Anything further?
The Court has considered the statements of all parties, the Presentence Report which contains the advisory guidelines and the statutory factors as set forth in Title 18, United States Code, Section 3553(a). The Court will impose a sentence above the otherwise applicable advisory guideline range as it insufficiently represents his criminal history.
Sentencing Tr. 17-21, Jan. 9, 2014, EGF. No. 89 (emphasis added).
Rivero is a professional drug dealer. He has engaged in the illegal drug business most of his adult life. He has demonstrated a firm conviction to continue in such activity in spite of anything the courts do to him. Under the law, the sentencing judge was fully justified in imposing the maximum sentence set forth in the statute.